CASE 17—PETITION EQUITY—JUNE 11.

# Parish, &c., vs. Hill, &c.

### APPEAL FROM MADISON CIRCUIT COURT.

A testator by his will gave his wife all his estate during her *life or widowhood,* and directed that, after the death of himself and his wife, all his negroes should be set free, each to have $200, and, when freed, to be conveyed to where they

could enjoy the right to freedom. The widow having married, the negroes, in 1864, sued for their freedom and for their legacies. *Held*—That their title to freedom and legacies, *under the will*, would not accrue till the death of the widow; that the amendment to the Constitution of the United States gave them freedom and a right to the legacies, but no right to an outfit for removal; and that the decree deciding their claim premature, being right when it was rendered, cannot be reversed for facts occurring subsequently.

S. TURNER for appellants.

BURNAM & CAPERTON for appellees.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This litigation has arisen under the following devise in the will of William Parish, late of Madison county, Ky., who died in the year 1860:

" I give and bequeath to my beloved wife, Celia Parish, all my estate, both real and personal, during her natural lifetime *or widowhood*. After the *death* of myself *and* beloved wife I will that all my negroes, young and old, to be *set free, and* to have two hundred dollars given to each one, to be paid to them out of my estate; and they, the said negroes, *when freed*, to be conveyed to any place where they can enjoy the right of freedom."

The widow, without legally renouncing the devise to her, intermmarried with a second husband, and was living when the circuit court decided this case, in September, 1865.

In 1864 the appellants, as the negro devisees, filed a petition in chancery, asserting that they were free, claiming that they were entitled to their pecuniary legacies, with interest from the expiration of a year after probate, and to hire, and also an outfit for migration to some other country. This was all resisted by the appellees; and, on the hearing, the circuit court, considering the petition premature in the lifetime of the testator's widow, dismissed it without prejudice.

The freedom contemplated and intended by the testator was evidently prospective, and depended on the contingency of either the marriage or the death of his surviving wife. But there is reason for some doubt whether the testator intended her marriage or her death as the consummating contingency. We are not permitted to doubt that he did not

intend that his wife's limited estate should be extended beyond her marriage. But the fact that he made no disposition of the devised property between her marriage and death— the presumption that he wished his wife alone to enjoy the use of the slaves—and the tender regard his will, in its spirit as well as letter, manifested for their curation and welfare— conduce to the presumption that he did not intend that they should be enjoyed and controled by any man whom she might happen to marry, and, therefore, intended that, in the event of any such marriage, they should instantly be free. But his express declaration of freedom, at her death only, cannot be overruled or modified by this court, without some surer clue than the record affords; and, however we may doubt, we can not, with judicial certainty, say that he intended, as to the freedom, that it should accrue at her marriage *or* death, just as he declared that, on the occurrence of either of these events, his wife's interest in them should cease. We must, therefore, decide that their title to freedom, as derived from the will, was prematurely asserted. And, were there nothing else in the case now judicially known, the dismission without prejudice, proper when decreed, should be affirmed; for there could be no just claim to hire or pecuniary legacies before the appellants became free. But the amendment of the Constitution of the United States abolishing slavery has made them free and legally capable of taking and enjoying their legacies. And the fact that they became free, not by the will, but by law, consistently with the end desired and provided for by the testator, is not material. The anticipation of the time cannot be deemed essential or contrary to his wishes. His leading purpose was their emancipation and the payment of their pecuniary legacies whenever they became free. As soon as they thus became free they were, therefore, entitled to the moneys bequeathed to them, and from that time until payment they will be entitled to interest, but to no outfit for removal, as the avowed purpose of the testamentary provision on that subject has become useless and inapplicable, and as, moreover, they manifest no intention to transplant themselves

from their native country, where they may now enjoy their freedom as fully and securely as elsewhere.

Had the appellants become free before the decree, of which the court would have had judicial knowledge, the dismission would have been erroneous. But here the question arises whether, the decree being right when pronounced, it can be reversed as erroneous by subsequent facts which, had they pre-existed, would have made it so. And we cannot doubt that, for such supervening cause, it should not be reversed; and, therefore, it is affirmed.